# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00049-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| FNU HOLLAR, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court sua sponte on Plaintiff's filing of his "Response to Order to Show Cause (doc. 35) And Partial Objection to Order (doc. 36)." [Doc. 37].

Pro se Plaintiff Matthew James Griffin ("Plaintiff") is a prisoner of the State of New Mexico currently incarcerated at the Penitentiary of New Mexico in Sante Fe, New Mexico. Plaintiff filed this action in this Court on April 30, 2019, pursuant to 42 U.S.C. § 1983, against Defendants FNU Hollar, Marilyn Gamewell, and Doe Defendants #1 through #20. [Doc. 1]. On November 26, 2019, Plaintiff's Complaint survived initial review against all Defendants in accordance with the terms of the Court Order. [Doc. 9]. Thereafter, Plaintiff substituted the real names of Doe Defendants #1

through #11. [Doc. 14]. These Defendants include Defendants FNU Massagee, FNU Hensley, FNU Walker, FNU Williams, FNU Delozier, FNU Strohl, FNU Mandeville, FNU Copeland, FNU Davis, FNU Stevenson, and FNU Lowery. [Doc. 11].

Plaintiff submitted summonses for service on all identified Defendants. [Doc. 12]. These summonses were issued electronically to the U.S. Marshal for service on the Defendants. [Doc. 15]. The U.S. Marshal effectuated service on Defendants Massagee, Hensley, Walker, Delozier, Strohl, Mandeville, Copeland, and Lowery. [Docs. 16-25]. On December 30, 2019, the summonses were returned unexecuted for Defendants Williams, Stevenson, and Davis. [Docs. 26-28]. These Defendants remain unserved and Plaintiff has sought no extension of time for service.

Under Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on

2

November 26, 2019. [Doc. 10]. Plaintiff, therefore, had until February 24, 2020 to serve Defendants Williams, Stevenson, and Davis. On May 12, 2020, Plaintiff sought a 100-day extension of the Pretrial and Case Management Plan (PTOCMP) deadlines. [Doc. 34]. The Court granted Plaintiff's motion in part, extending the deadlines for sixty (60) days.[1] [Doc. 36].

On May 26, 2020, when Defendants Williams, Stevenson, and Davis remained unserved, the Court entered an order pursuant to Rule 4(m) requiring Plaintiff to show good cause for his failure to timely serve these Defendants. [Doc. 35]. The Court notified Plaintiff that it would dismiss Defendants Williams, Stevenson, and Davis without prejudice unless, within fourteen (14) days of that Order, the Plaintiff showed good cause for his failure to serve them. [Id.].

Plaintiff timely filed a response to the Court's show cause Order. [Doc. 37]. In his response, the Plaintiff complains that he was "effectively prevented" "from locating Defendants, Stevenson, Davis and Williams" because "the Court did not open discovery until after 90 days from the Courts

---

[1] In the instant response, Plaintiff also "objects to the Court not granting Plaintiff the full 100-day extension of time sought in his Motion…." [Doc. 37 at 4]. The Court will construe this objection as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), which it will deny.

3

screening order had elapsed" and "discovery is needed to locate and serve the Defendants." [Doc. 37 at 2, 4]. Plaintiff also states that he is vision impaired, that "[t]he government is not providing Plaintiff with legal access that relates to any North Carolina cases," and that he was without "legal access" from March 2020 to May 1, 2020 due to coronavirus-related restrictions. [Doc. 37 at 3]. Plaintiff also notes that "[t]his case is still well within the statute of limitations which does not expire until November 08, 2021. Thus, any dismissal without prejudice would only serve to delay the proceedings as the case could be refiled." [Id. at 4].

Plaintiff's argument is largely misplaced. Discovery is not and should not be conducted until after the Court enters a PTOCMP, unless a plaintiff moves to take early discovery. See Fed.R.Civ.P 26(d)(1), 45. Furthermore, a PTOCMP is not entered until after at least one or more parties have answered a complaint. As such, Plaintiff's contention that discovery was not allowed until after entry of the PTOCMP, while true, is not grounds for failure to timely serve these Defendants. Plaintiff could have moved for early discovery but failed to do so. See Patrick Collins, Inc. v. Does 1-39, No. DKC 12-0093, 2012 WL 13012737, at *1 (D. Md. Jan. 13, 2012); see Fed.R.Civ.P. 45.

Plaintiff also claims his failure to timely serve Defendants Williams, Stevenson, and Davis was due to his lack of access to legal materials during the coronavirus-related stay at home order in New Mexico from March 2020 to May 1, 2020. Save these two months, however, Plaintiff has had at least since November 2018 to fully identify the unserved Defendants. Furthermore, the deadline for Plaintiff to serve these Defendants was February 24, 2020, before New Mexico's stay at home order was effective, and Plaintiff failed to timely seek an extension of the deadline.

Plaintiff appears to correctly note that the statute of limitations in his case has not yet expired and, because dismissal of the unserved Defendants would be without prejudice, he could simply refile his complaint. In the interest of judicial economy, and not because Plaintiff has stated good cause for his failure to serve, the Court will allow Plaintiff an additional forty-five (45) days to serve Defendants Stevenson, Davis and Williams. Should Plaintiff fail to serve these Defendants within that time, they will be dismissed without prejudice and without further notice to Plaintiff.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have forty-five (45) days from this Order to serve Defendants FNU Williams, FNU Stevenson, and FNU Davis. Should Plaintiff fail to serve these Defendants within this

time, they will be dismissed from this action without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 37] to alter or amend the Court's Order partially granting Plaintiff's motion for extension of the PTOCMP deadlines is **DENIED**.

**IT IS SO ORDERED**.

Signed: June 23, 2020

Martin Reidinger
Chief United States District Judge