UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00049-MR

| MATTHEW JAMES GRIFFIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| FNU HOLLAR, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's "First Verified Motion for the Appointment of Counsel for the Vision Impaired Plaintiff and Request for ADA Reasonable Accommodation from the Court" [Doc. 41]; Plaintiff's "Motion to Increment Interrogatories Pursuant to Rule 26(b)(2)" [Doc. 42]; Plaintiff's Motion to Substitute the True Names of Defendants Unknown Doe #12 through #16" [Doc. 46]; and Plaintiff's "Second Motion for a 60 Day Extension of Time Within Which to Join or Substitute Parties" [Doc. 47].

**I.    BACKGROUND**

Pro se Plaintiff Matthew James Griffin ("Plaintiff") is a prisoner of the State of New Mexico currently incarcerated at the Penitentiary of New Mexico. He filed this action on April 30, 2019, pursuant to 42 U.S.C. § 1983, asserting claims he alleges arose while he was incarcerated at Alexander

Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Plaintiff's Complaint survived initial review on November 26, 2019 as to Plaintiff's Eighth Amendment claim based on deliberate indifference to his serious medical needs and as to his claims for violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973. [Doc. 10]. In addition to the identified named Defendants, Plaintiff named twenty (20) Doe Defendants. [See Doc. 1]. Plaintiff has since identified Doe Defendants #1-11 and #18 and moves now to identify Does #12-17. [See Docs. 14, 43, 46]. As such, Doe Defendants #19 and #20 remain unidentified. A Pretrial Order and Case Management Plan (PTOCMP) was entered in this case on March 16, 2020. [Doc. 32].

## II. MOTION FOR COUNSEL AND ADA ACCOMMODATIONS

Plaintiff moves for the appointment of counsel and for certain "reasonable accommodations" under the ADA. [Doc. 41]. A plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Exceptional circumstances exist where "a pro se litigant has a colorable claim but lacks the capacity to present it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Ct., 490 U.S. 296,

2

298, 109 S. Ct. 1814 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel). Denial of a motion for appointment of counsel is appropriate where the claims presented in a pro se litigant's case are not complicated and the pro se litigant "has demonstrated the capacity to present those claims adequately in his court filings." See Harris v. Salley, 339 Fed. App'x 281, 284 (4th Cir. 2009).

In support of his motion for counsel, Plaintiff states that he is vision impaired, having been diagnosed with strabismus with large angle alternating exotropia that causes among other things involuntary eye movement, nystagmus, diplopia (double vision) and loss of all depth perception." [Doc. 41 at 6]. Plaintiff also states that he has "no law library access or alternative means of legal access in relation to any North Carolina case from the government of North Carolina or New Mexico." Plaintiff further states that New Mexico "has closed its prison law libraries and only provides legal access upon qualified legal claims that relate to incarceration in New Mexico, direct appeal or post-conviction relief." [Doc. 41 at 7-8, 9]. Plaintiff also argues that "[t]he question of disability rights under federal disability statutes is considered complex enough to support the appointment of counsel." [Doc. 41 at 10-11 (citing Flakes v. Frank, 322 F.Supp.2d 981, 983 (W.D. Wisc. June 17, 2004))].

3

Plaintiff has failed to present exceptional circumstances warranting appointment of counsel in this case. Plaintiff's claims are not sufficiently complicated to require the Court to seek counsel for him. Moreover, Plaintiff has already proven to be a prolific filer of motions and other documents in this case and in another case of his pending in this district, Civil Case No. 3:19-cv-00135-MR. Plaintiff has demonstrated no difficulty engaging the Court and its resources in advancing his cases. As compared to many other pro se litigants prosecuting prisoner litigation, Plaintiff appears capable of understanding and meaningfully engaging in the litigative process, despite his vision impairment. The Court will, therefore, deny Plaintiff's motion for appointment of counsel. See Whisenant, 739 F.2d at 163; see Harris, 339 Fed. App'x at 284.

Plaintiff also moves the Court for "the reasonable accommodations listed in Attachment #1 of this Motion/Request during all judicial proceedings, transport to judicial proceedings or re-housing in relation to judicial proceedings." [Doc. 41 at 3]. Plaintiff later states in his motion that these accommodations are needed "at trial, upon transport for trial or during re-housing for trial." [Id. at 7]. These accommodations include such things as handicapped cell housing, ground floor cell, bottom bunk assignment, talking digital wristwatch, raised line paper and bold pens, digital talking transcript

4

of all judicial proceedings, and an attorney. The Court will deny Plaintiff's request without prejudice as it is not yet ripe. Should Plaintiff's case proceed to trial, or other hearing held requiring the Plaintiff's presence in this jurisdiction, Plaintiff may renew this motion for reasonable accommodations under the ADA.

### III. MOTION FOR MORE INTERROGATORIES

Plaintiff moves the Court to allow Plaintiff "to propound forty (40) interrogatories upon each of the named Defendants, with subparts, unless the subpart relates to a discreet subject matter in which case it would count as a separate interrogatory." [Doc. 42 at 2]. The PTOCMP in this case currently allows each party to propound "no more than **20** interrogatories, including subparts; no more than **20** requests for admissions, and take no more than **6** depositions of non-expert witnesses."[1] [Doc. 32 at 2]. As grounds for his motion, Plaintiff states that he "is a prisoner confined in New Mexico and lack the financial means to pay for a court reporter to take depositions of the named Defendants in this civil action." [Doc. 42 at 1]. Plaintiff also asserts that because he is confined in prison, the increased use of interrogatories is a cost-effective method of discovery. [Id. at 2]. The

---

[1] Plaintiff errantly asserts that the current limit on interrogatories is twenty-five (25). [Doc. 42 at 2].

5

Court will allow Plaintiff's motion for leave to propound a total of forty (40) interrogatories on each Defendant, but this total is inclusive of subparts in accordance with the PTOCMP in this case.

### IV. MOTION TO SUBSTITUTE DEFENDANTS

On November 26, 2019, the Court ordered that this action brought pursuant to 42 U.S.C. § 1983 survived initial. [Doc. 10]. In his Complaint, Plaintiff named as Defendants FNU Hollar, Marilyn Gamewell, and Doe Defendants #1-20. [Doc. 1]. Since passing initial review, Plaintiff has substituted the true identities of Doe Defendants #1-11 and #18. [Doc. 14, 43]. Plaintiff now moves to substitute J. Folly as Doe Defendant #12, R.L. Lail for Doe Defendant #13, L. Putt for Doe Defendant #14, T.B. Greene for Doe Defendant #15, and Kay H. Eggleston for Doe Defendant #16. [Doc. 46]. The Court will grant the Plaintiff's motion and instruct the Clerk to substitute these Defendants accordingly.

### V. MOTION FOR EXTENSION OF TIME

Finally, Plaintiff moves the Court for "a 60 day extension of time within which to join or substitute parties" [Doc. 47 at 1], which the Court will construe as a motion for an extension of time under Rule 4(m) of the Federal Rules of Civil Procedure. As grounds for this extension, Plaintiff states that he "is awaiting discovery responses to identify Doe #19 and Doe #20….

Responses to Plaintiff's discovery requests are due on July 30, 2020." [Doc. 47 at 4]. It appears that Plaintiff needs additional time to identify these Doe Defendants once he receives the discovery responses, to move substitute them as parties, and to serve them.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on November 26, 2019. [Doc. 10]. Plaintiff, therefore, had until February 24, 2020 to serve the Defendants in this matter. Plaintiff, however, has had difficulty identifying all the Doe Defendants in this matter despite what appears to be diligent efforts to do so. The Court will, therefore, grant Plaintiff's motion for an additional sixty (60) days to substitute the true identities of Doe Defendants #19 and #20 and to serve these Defendants.

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for appointment of counsel [Doc. 41] is **DENIED** and Plaintiff's motion for reasonable accommodations [Doc. 41] is **DENIED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion for additional interrogatories [Doc. 42] is **GRANTED IN PART** and **DENIED IN PART** in that Plaintiff is allowed a total of forty (40) interrogatories, including subparts, on each Defendant in this matter in accordance with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 46] is **GRANTED**. The Clerk is respectfully instructed to substitute J. Folly for Doe Defendant #12, R.L. Lail for Doe Defendant #13, L. Putt for Doe Defendant #14, T.B. Greene for Doe Defendant #15, and Kay H. Eggleston for Doe Defendant #16 in the docket in this matter.

**IT IS FURTHER ORDERED** that the Clerk shall direct the U.S. Marshal to effectuate service on Defendants Folly, Lail, Putt, Greene, and Eggleston with the summonses filed by Plaintiff at Docket No. 46-1 in this matter.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 47] is **GRANTED** and the Plaintiff has an additional sixty (60) days to substitute the true identities of Doe Defendants #19 and #20 and to serve these

8

Case 5:19-cv-00049-MR   Document 50   Filed 08/04/20   Page 8 of 9

Defendants under Rule 4(m).

**IT IS SO ORDERED.**

Signed: August 4, 2020

Martin Reidinger
Chief United States District Judge