# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## 5:19-cv-00049-MR

| | | |
|---|---|---|
| MATTHEW JAMES GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| FNU HOLLAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the following:

(1)     Plaintiff's "Verified Request for Entry of Default of Defendants Johnson, Eggleston, Folly, Greene, Lail, and Putt" [Doc. 63];

(2)     Defendants Johnson, Eggleston, Folly, Greene, Lail, and Putt's "Motion to Extend an Expired Deadline to File an Answer and Motion for Order to Have Answer Deemed Timely Filed" [Doc. 68];

(3)     Defendants Johnson, Eggleston, Folly, Greene, Lail, and Putt's "Response to Order [D.E. 66];" [Doc. 69];

(4)     Plaintiff's "Motion for Sanctions for Under Rule 37(b) and (d);" [Doc. 71]; and

(5)     Plaintiff's "Motion for an Order Directing Personal Service by the

U.S. Marshal's Service" [Doc. 72].

Pro se Plaintiff Matthew James Griffin ("Plaintiff") is a prisoner of the State of New Mexico currently incarcerated at the Penitentiary of New Mexico. He filed this action on April 30, 2019, pursuant to 42 U.S.C. § 1983, asserting claims he alleges arose while he was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Plaintiff's Complaint survived initial review on November 26, 2019. [Doc. 10]. The Defendants in this matter include FNU Hollar, Marilyn Gamewell, FNU Massagee, FNU Hensley, FNU Walker, FNU Delozier, FNU Strohl, FNU Mandeville, FNU Copeland, FNU Lowery, William N. Johnson, J. Folly, R.L. Lail, L. Putt, T.B. Greene, and Kay H. Eggleston.[1] Defendants Copeland, Delozier, Gamewell, Hensley, Hollar, Lowery, Mandeville, Massagee, and Strohl answered Plaintiff's Complaint. [Doc. 31]. Defendants Johnson, Folly, Lail, Putt, Greene, and Eggleston were served, but failed to timely answer Plaintiff's Complaint. [See Docs. 52, 57].

On September 9, 2020, Plaintiff moved the Court to compel Defendants Hollar and Gamewell to respond to Plaintiff's first sets of interrogatories to these Defendants. [Doc. 55]. The Court granted Plaintiff's

---

[1] The Court dismissed Defendants FNU Williams, FNU Davis, and FNU Stevenson on December 9, 2020 as explained in the Court's Order. [Doc. 66 n. 2].

2

motion to compel these responses, ordering them due by October 28, 2020. [Doc. 61 at 2-3]. The Court also ordered counsel for Defendants Hollar and Gamewell to show cause within ten (10) days for these Defendants' failure to respond to the subject discovery requests. [Id. at 3]. Counsel for Defendants responded to the Court's Show Cause Order. [Doc. 62]. Counsel explained that neither he nor his support staff had seen the subject discovery requests (or Plaintiff's "meet and confer" letter) before Plaintiff filed the motion to compel. [Id. at 1]. Counsel provided that, as soon as he received Plaintiff's motion to compel, he contacted the N.C. Department of Public Safety and asked that the information be collected. [Id.]. Counsel also stated that he would "update the Court as soon as responses [were] provided to Plaintiff's interrogatories to Defendant[s] Hollar and Gamewell." [Id. at 2]. No such notice, however, has been received by the Court.

On September 29, 2020, Assistant Attorney General Nichols, "appearing specially and limited," moved for an extension of time to file an answer to Plaintiff's Complaint on behalf of Defendants Johnson, Eggleston, Folly, Greene, Lail, and Putt.[2] [Doc. 58]. In this motion, counsel explained that he was still "unaware of if Moving Defendants request representation from the Attorney General's Office" under the Defense of State Employees

---

[2] Attorney Nichols had already appeared on behalf of the other Defendants in this matter.

Act ("DSEA"), N.C.G.S. § 143-300.3, et seq. [Id. at 1-2]. Counsel further explained that, under the DSEA, "the State of North Carolina may provide a defense to State employees if the employee requests a defense and if the acts complained of in the civil action are actions or omissions which occurred during the course and scope of employment." [Id. at 1 (emphasis in original)].

The Court granted the motion as to Defendants Eggleston, Folly, Greene, Lail, and Putt, making their answers due by October 8, 2020, and denied it without prejudice as to Defendant Johnson because Defendant Johnson's motion was untimely and counsel failed to seek leave of Court to file the motion out of time. [Doc. 59 at 1-2]. Even with that extension, Defendants Eggleston, Folly, Greene, Lail, and Putt did not timely answer Plaintiff's Complaint.

Plaintiff moved for default against Defendants Johnson, Eggleston, Folly, Greene, Lail, and Putt. [Doc. 63]. Before the Clerk were to rule on this motion, the Court required Assistant Attorney General Nichols to respond, advising the Court of the status of counsel of these Defendants. [Doc. 66]. Furthermore, the Court directed Attorney Nichols to show cause why default shall not be entered against them if the State were, in fact, providing a defense to these Defendants. [Id.].

In response, Defendants Johnson, Eggleston, Folly, Greene, Lail, and Putt filed an Answer to Plaintiff's Complaint [Doc. 67] and moved the Court to extend the expired deadline to file an answer and deem the Answer timely filed ("Defendants' Motion") [Doc. 68]. Counsel for these Defendants also filed a response to the Court's Show Cause Order, explaining that the State is providing a defense to these Defendants and why default should not be entered against them ("Defendants' Response"). [Doc. 69]. Defendants' Motion and Response are largely duplicative. In both, Defendants argue that default should not be entered because Defendants "have several meritorious defenses to present, they have now responded to the Complaint, and denial of the motion for entry of default will not prejudice Plaintiff." [Doc. 68 at 2; Doc. 69 at 3]. As for defenses, Defendants "intend to present, *inter alia*: an Eleventh Amendment immunity defense for claims brought against them in their official capacity; a lack of personal jurisdiction over Defendants; and multiple arguments that defend the constitutionality of their actions." [Doc. 69 at 4].

Thereafter, Plaintiff filed a Motion for Sanctions Under Rule 37(b) and (d). [Doc. 71]. Plaintiff states that, despite the Court's Order compelling Defendants Gamewell and Hollar to respond to Plaintiff's discovery requests, these Defendants have still failed to respond. [Id. at 2-4]. For sanctions,

Plaintiff moves the Court to strike the Answer of Defendants Gamewell and Hollar, to deem Plaintiff's allegations against them admitted, and to enter default against them. [Id. at 4]. Before the Court will rule on Plaintiff's motion for sanctions, the Court will order counsel for Defendants to, yet again, show cause for his failure to timely comply with this Court's deadlines. The Court will order counsel to provide an update regarding the status of these responses and, if necessary, to show cause within seven (7) days of this Order why Defendants Gamewell and Hollar have not responded to Plaintiff's discovery requests, as ordered. The Court will also order counsel to show cause why the requested sanctions should not issue.

The Court will grant Defendants' motion for an extension of the deadline to answer Plaintiff's Complaint and deem Defendants' Answer [Doc. 67] timely filed. The Court will, therefore, deny Plaintiff's motion for entry of default against Defendants Johnson, Eggleston, Folly, Greene, Lail, and Putt. Finally, the Court will deny Plaintiff's motion for an order directing personal service on these Defendants as moot.[3]

---

[3] Plaintiff apparently filed this motion before a docketing error marking the summonses for these Defendants as "unexecuted" was corrected to reflect that the summonses had, in fact, been executed. [See Docs. 70, 72; 12/18/2020 Docket Entry].

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for entry of default as to Defendants Johnson, Eggleston, Folly, Greene, Lail, and Putt [Doc. 63] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Extend an Expired Deadline to File an Answer and Motion for Order to Have Answer Deemed Timely Filed [Doc. 68] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for an Order Directing Personal Service [Doc. 72] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that counsel for Defendants shall respond to this Order within seven (7) days, advising the Court of the status of Defendant Hollar's and Gamewell's responses to Plaintiff's First Set of Interrogatories on these Defendants and, if necessary, show cause why these Defendants have failed to comply with the Court's Order [Doc. 61]. Counsel shall also show cause within seven (7) days of this Order why the sanctions requested by Plaintiff should not issue.

**IT IS SO ORDERED**.

Martin Reidinger
Chief United States District Judge

7