UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-00049-MR

| MATTHEW JAMES GRIFFIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| FNU HOLLAR, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court sua sponte on Plaintiff's failure to timely identify and serve Doe Defendants #19 and #20.

Pro se Plaintiff Matthew James Griffin ("Plaintiff") is a prisoner of the State of New Mexico currently incarcerated at the Penitentiary of New Mexico. He filed this action on April 30, 2019, pursuant to 42 U.S.C. § 1983, asserting claims he alleges arose while he was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Plaintiff's Complaint survived initial review on November 26, 2019 as to Plaintiff's Eighth Amendment claim based on deliberate indifference to his serious medical needs and as to his claims for violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973. [Doc. 10]. In addition to the identified named Defendants, Plaintiff named twenty (20) Doe

Defendants. [See Doc. 1]. Plaintiff has since identified all but Doe Defendants #19 and #20. A Pretrial Order and Case Management Plan (PTOCMP) was entered in this case on March 16, 2020. [Doc. 32]. Therafter, the Court allowed Plaintiff until October 5, 2020 to identify and serve Does #19 and #20. [Docs. 47, 50]. The deadline to identify these Defendants was October 5, 2020. [See Doc. 50]. Plaintiff has sought no additional of time to identify these Doe Defendants. The discovery deadline in this matter expired on November 11, 2020.[1] [See Doc. 61].

As Plaintiff was advised [Doc. 50 at 7], a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The service period in Rule 4(m) is tolled while the

---

[1] On December 9, 2020, the Court stayed the dispositive motions deadline pending the resolution of certain discovery matters in this case. [Doc. 60]. Because it appears that these discovery matters have now been resolved, the Court will lift the stay of the dispositive motions' deadline.

district court considers an *in forma pauperis* complaint. Robinson v. Clipse, 602 F.3d 605, 608 (4th Cir. 2010). Initial review in this case occurred on November 26, 2019. [Doc. 10]. Plaintiff, therefore, initially had until February 24, 2020 to serve the Defendants in this matter. As noted, on Plaintiff's motion, the Court allowed Plaintiff until October 5, 2020 to identify and serve Doe Defendants #19 and #20. [Doc. 50]. Plaintiff has not identified or served these Defendants and has not sought additional extension of time to do so. The Court will, therefore, dismiss these Defendants without prejudice for Plaintiff's failure to timely identify and serve them.

Now that the discovery matter has been resolved, the Court will lift the stay of the dispositive motions' deadline and order that any dispositive motions in this case must be filed within 30 days of this Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Doe Defendants # 19 and #20 shall be dismissed as Defendants in this matter.

**IT IS FURTHER ORDERED** that the stay of the dispositive motions' deadline is hereby **LIFTED**, and the parties shall have thirty (30) days from this Order to file dispositive motions in this matter.

**IT IS SO ORDERED.**  Signed: March 10, 2021

Martin Reidinger
Chief United States District Judge