UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 5:19-cv-00049-MR

| | | |
|---|---|---|
| MATTHEW JAMES GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| FNU HOLLAR, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Plaintiff's "Motion to Seal Document 89-3." [Doc. 93].

Plaintiff moves the Court to seal Docket No. 89-3 in this matter, which consists of Plaintiff's "First Declaration (PFD)" ("Declaration") and exhibits thereto submitted in response to Defendants' Motion for Summary Judgment. [Doc. 93]. For grounds, Plaintiff states that Docket No. 89-3 contains Plaintiff's "protected health care records and date of birth," which are "confidential by law." [Id. at 2]. Plaintiff states that the documents also contain "sensitive documents which could otherwise be fraudulently used including but not limited to plaintiff's military diplomas and New Mexico State Police Commissions." [Id.].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to Plaintiff's motion. Plaintiff filed his motion September 7, 2021, and it has been accessible through the Court's electronic case filing system since that time. Plaintiff, however, moves to seal all the documents filed at Docket No. 89-3. The records include Plaintiff's Declaration, which contains a recitation of Plaintiff's medical care, and medical records, but also include records that do not contain Plaintiff's sensitive or protected information.

As to the medical records (and Plaintiff's Declaration), Plaintiff has demonstrated that the subject records contain sensitive information concerning the Plaintiff and that the public's right of access to such information is substantially outweighed by the Plaintiff's competing interest in protecting the details of such information. Having considered less drastic alternatives to sealing these particular documents, the Court concludes that

2

sealing these records is necessary to protect the Plaintiff's privacy interests. Plaintiff however makes no such meaningful showing as to the remainder of the records he asks the Court to seal. He states only that these "sensitive documents" could "be fraudulently used." [Doc. 93 at 2]. The Court has reviewed these other records and does not find that sealing is necessary.

As such, the Court will order that Plaintiff's medical records and his Declaration shall be sealed, and the remainder of the records shall remain unsealed.

Accordingly, Plaintiff's Motion to Seal will be granted in part, and the documents filed at Docket No. 89-3 that are further delineated in the Court's Order below shall be sealed.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintff's Motion to Seal [Doc. 93] is **GRANTED IN PART**, and the following documents at Docket No. 89-3 shall be sealed: Plaintiff's Declaration (pp. 1-34) and Exhibits 5 (pp. 44-45), 6 (pp. 46-47), 7 (pp. 48-49), 8 (pp. 50-51), 9 (pp. 52-53), 11 (pp. 57-58), 12 (pp. 59-61), 13 (pp. 62-65), 14 (pp. 66-69), 15 (pp. 70-71), 16 (pp. 72-74), 17 (pp. 75-77), 18 (pp. 78-80), 19 (pp. 81-82), 21 (pp. 85-87), 22 (pp. 88-89), 23 (pp. 90-91), 24 (pp. 92-94), 25 (pp. 95-99), and 27 (pp. 106-07).

The Clerk is respectfully instructed to adjust the manner in which these records are docketed as necessary to accommodate the sealing as ordered.

**IT IS SO ORDERED**.

Signed: September 22, 2021

Martin Reidinger
Chief United States District Judge