# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:19-cv-00049-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| FNU HOLLAR, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's response [Doc. 100] to the Court's Order requiring Plaintiff to show cause why Defendant North Carolina Department of Public Safety (NCDPS) should not be dismissed as a Defendant in this matter [Doc. 98].

Pro se Plaintiff Matthew James Griffin ("Plaintiff") is a prisoner of the State of New Mexico currently incarcerated at the Penitentiary of New Mexico in Sante Fe, New Mexico. He filed this action on April 30, 2019, pursuant to 42 U.S.C. § 1983, asserting claims he alleges arose while he was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Plaintiff's Complaint survived initial review "as to all Defendants" on November 26, 2019 as to Plaintiff's Eighth Amendment claim based on deliberate indifference to his serious medical needs and as to his

claims for violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act of 1973 (Rehab Act).[1] [Doc. 10]. Only Plaintiff's claim under the N.C. Tort Claims Act was dismissed on initial review. [Id. at 9]. Plaintiff, however, has taken no action to prosecute Defendant NCDPS.

On April 21, 2021, Defendants Hollar, Gamewell, Massagee, Hensley, Walker, Delozier, Strohl, Mandeville, Copeland, Lowery, Johnson, Eggleston, Folly, Greene, Lail, and Putt moved for summary judgment. [Doc. 80]. Plaintiff responded to Defendants' motion, but still did nothing to prosecute Defendant NCDPS. [See Doc. 89]. On February 14, 2022, the Court notified Plaintiff that it would dismiss Defendant NCDPS without prejudice unless Plaintiff, within 14 days, showed good cause for his failure to serve and prosecute this Defendant. [Doc. 98].

On March 3, 2022, Plaintiff filed his response to the Court's Order. [Doc. 100]. In his response, Plaintiff mischaracterizes Orders of this Court and of the Eastern District to avoid dismissal of Defendant NCDPS. [See id.]. For one, Plaintiff asserts that he "was told that the NC-DPS could not

---

[1] Neither the Clerk on initial docketing of Plaintiff's Complaint, nor the Court on initial review, recognized that Plaintiff sought to name the NCDPS as a Defendant in this matter, which appears to have been a result of Plaintiff's failure to list the NCDPS as a Defendant in the case caption, despite listing all other Defendants therein, and the different way Plaintiff listed the NCDPS as a Defendant as compared to the other 22 Defendants. [See Doc. 1 at 1, 4].

be sued under the ADA or RA." [Id. at ¶ 2 (citing Griffin v. Bryant, et al., No. 5:17-ct-03173-D (E.D.N.C.), Doc. 10) ("Case No. 5:17-ct-03173")]. The Eastern District Order made no such conclusion or implication. Rather, this Order allowed Plaintiff's ADA and Rehab Act claims to survive initial review, including against Defendant NCDPS, and denied Plaintiff's motion for a temporary restraining order.[2] [Case No. 5:17-ct-03173, Doc. 10].

Plaintiff also incorrectly contends that this Court "entered a dismissal of the NC-DPS," citing the Court's initial review Order. [Doc. 100 at ¶ 4 (citing Doc. 10)]. The Court did not dismiss Defendant NCDPS, either on initial review or otherwise. As noted, the Court's initial review Order specifically allowed Plaintiff's claims to proceed "as to all Defendants." [Doc. 10 at 9]. No Defendants were dismissed. [See id.]. Plaintiff also paradoxically contends that he "could not have obtained a summons for NC-DPS because this Court had not, and has not, completed the screening of the operative complaint as to Defendant NC-DPS under the ADA & RA…" and that "[his] remedy was to appeal once the Court disposed of all claims as to all Defendants." [Doc. 100 at ¶¶ 5, 8]. Finally, Plaintiff argues that the Rule

---

[2] Later in that case, Plaintiff voluntarily dismissed his tort claim against Defendant NCDPS and "withdrew" his claim for monetary relief under the ADA against this Defendant, instead seeking only prospective injunctive relief under the ADA. [Case No. 5:17-ct-03173-M, Doc. 11; see id. at Doc. 23].

4(m) service period remains tolled as to Defendant NCDPS because the Court did not specifically address Plaintiff's claims against this Defendant on initial review. [Id. at ¶ 5].

Plaintiffs have a general duty to prosecute their cases, and a district court has the authority to dismiss a plaintiff's actions because of his failure to prosecute, either on a defendant's motion or sua sponte. Link v. Wabash R.R.Co., 370 U.S. 626, 629 (1962). Here, Plaintiff failed to take any action with respect to Defendant NCDPS and makes various internally inconsistent arguments now as to this Defendant. First, Plaintiff claims that he "was told" by the Eastern District that the NCDPS could not be sued under the ADA or the Rehab Act. Then he claims that the Court dismissed Defendant NCDPS in the instant action and that his remedy was to appeal after final judgment was entered. On the other hand. Finally, he claims that the Court never screened the Complaint as to Defendant NCDPS in the first place and, therefore, Plaintiff remains able to prosecute this Defendant.

The Court will not effectively begin this case anew under the circumstances here. This action has been pending for nearly three years. Plaintiff is one of the Court's most prolific filers of pleadings and other documents in his cases and he appears to monitor his cases very closely. Given Plaintiff's inconsistent contentions, the Court will not cherry pick a

ground to excuse Plaintiff's failure to prosecute Defendant NCDPS at this very late stage of the proceedings. As such, the Court will exercise its authority to dismiss Defendant NCDPS as a Defendant in this matter for Plaintiff's failure to prosecute. Link, 370 U.S. at 629.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant North Carolina Department of Public Safety shall be dismissed as a Defendant in this matter.

**IT IS SO ORDERED**.

Signed: March 10, 2022

Martin Reidinger
Chief United States District Judge